SUPERIOR COURT
OF THE
STATE OF DELAWARE

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

March 15, 2017

Dustin J. Taylor
SBI# 00473515
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> RE: *State of Delaware v. Dustin J. Taylor,*
>     Def. ID# 1509010730

DATE SUBMITTED:  February 16, 2017

Dear Mr. Taylor:

Defendant Dustin J. Taylor ("Defendant") has filed his first Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] He also requests appointment of counsel to pursue this Motion. For the reasons expressed below, the Motion is summarily dismissed and Defendant's request for counsel is denied.

On January 4, 2016, Defendant pled guilty to Assault in a Detention Facility and Conspiracy in the Second Degree. Defendant was sentenced as follows: for Assault in a Detention Facility, eight years at Level Five; for Conspiracy in the Second Degree, two years at Level Five, suspended for six months at Level Four, followed by six months at Level Three. At the time of the guilty plea, Defendant was also declared a habitual offender. No direct appeal was filed; therefore, the conviction became final on February 4, 2016.

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated May 29, 2015.

1

On February 16, 2017, Defendant filed his Motion for Postconviction Relief. Defendant claims that: (1) his counsel was ineffective in failing to appeal Defendant's habitual offender status; and (2) his guilty plea was accepted in violation of the Double Jeopardy Clause of the Fifth Amendment.

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[2] Rule 61(i)(1) requires this Motion to be summarily dismissed. A motion for postconviction relief cannot be filed more than one year after the judgment is final.[3] Defendant's conviction became final on February 4, 2016, but his Motion was not filed until February 16, 2017, slightly over a year later. Therefore, the Motion is time-barred.

---

[2] Super. Ct. Crim. R. 61(i) provides:

> (i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.
>
> (2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.
>
> (3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.
>
> (4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.
>
> (5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[3] Rule 61(i)(1)

Defendant requests appointment of counsel. The standard governing this request appears in Rule 61(e)(3):

> The judge may appoint counsel for any other first postconviction motion only if the judge determines that : (i) the motion is an indigent movant's first timely postconviction motion and request for appointment of counsel; (ii) the motion seeks to set aside a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel; (iv) the motion sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or Delaware Constitution; (v) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (vi) specific exceptional circumstances warrant the appointment of counsel.[4]

Since the Motion was not timely, did not set forth a substantial claim that Defendant received ineffective assistance of counsel or that he is in custody in violation of either the United States or Delaware Constitutions, and because no specific exceptional circumstance(s) exist to warrant the appointment of counsel, Defendant's request is denied. Further, given that this Motion is summarily dismissed, there is no need for trial counsel to submit an affidavit or to have the State of Delaware respond.

For the foregoing reasons, Defendant's Motion is **DISMISSED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Kevin A. Gardner, Esq.
    Ronald D. Phillips, Esq.

---

[4] Rule 61(e)(3).